UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KEVI DANZEL FOARD, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:10 CV 276 |
| MARK STEFANATOS, *et al.*, | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

Kevi Danzel Foard, a *pro se* prisoner, submitted a complaint pursuant to 42 U.S.C. § 1983 naming seven defendants: six police officers and a deputy prosecutor. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "In order to state a claim under § 1983 a plaintiff must allege: (1) that

defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The claims against the six police officers are barred by the statute of limitations. Foard alleges that he was improperly stopped and detained by them on March 1, 2008. He further alleges that they used a confidential informant to purchase cocaine from him on August 1, 2008. He alleges that even though he did not sell cocaine, he was arrested and charged. The date of accrual for a cause of action regarding police conduct in the investigation of a crime is the date the incident at issue occurred. *See Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). Therefore, plaintiff's claims arose on March 1, 2008, and on August 1, 2008. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Therefore Foard only had until August 2, 2010 to file this complaint.[1] Because Foard did not sign this complaint until August 6, 2010, it is untimely. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claim is time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

The claim against the deputy prosecutor is barred by the doctrine of prosecutorial immunity. Foard alleges that the deputy prosecutor "never produced an

---

[1] August 1, 2010 was a Sunday. Therefore, pursuant to Fed. R. Civ. P. 6(a)(3), Foard had until Monday, August 2, 2010.

oral probably cause to me on none of my cases and wanted me to take 41 yrs without any reason why I should be detained." (Compl., DE # 1, at 4.) "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Providing evidence (or failing to do so) is a part of presenting the State's case. So is negotiating plea agreements. Therefore the deputy prosecuting attorney is not subject to civil liability based on those actions or omissions.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 9, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT